United States District Court
for the
Southern District of Florida

| Coral & Stones Unlimited Corp., | ) | |
| Appellant, | ) | |
| | ) | Bankruptcy Appeal |
| v. | ) | Case No. 18-23658-Civ-Scola |
| | ) | |
| Arkadi Abraham, Appellee. | ) | |

**Opinion Order Affirming Order of Bankruptcy Court**

This matter is before the Court on Appellant-Creditor Coral & Stones Unlimited Corporation's ("CS") appeal of an order of the Bankruptcy Court (the "Second Order," ECF No. 13-4 at pp. 108-09) in case number 18-13746-AJC (the "Bankruptcy Case"). The issue raised here is whether the Bankruptcy Court erred in denying CS's "Motion for Clarification or Alternative Motion for Enlargement of Time to Extend the Deadline to Object to Discharge Under § 523 Incorporating Verified Statement of Excusable Neglect." (the "Second Motion," *id.* at pp. 71-80). Having reviewed the parties' submissions and the designated record, and after hearing argument of counsel, the Court **affirms** the Order of the Bankruptcy Court as follows.

1. **Factual Background**

CS holds a Florida state court final judgment in civil theft for $427,782.00 against debtor Arkadi Abraham. (the "Florida Judgment," ECF No. 13-4 at pp. 21, 95-97.) CS claims that the Florida Judgment is a non-dischargeable debt under 11 U.S.C. § 523(a)(4) and (a)(6). (ECF No. 13-4 at pp. 88-94.)

The meeting of creditors in the Bankruptcy Case occurred on May 7, 2018. (ECF No. 13-7 at p. 20.) Thus, July 9, 2018, was the deadline for creditors to file a complaint challenging the dischargeability of a debt under 11 U.S.C. § 523 and Federal Bankruptcy Rule 4007 (a "523 Complaint"). Separately, that date was also the deadline to lodge any objections to the debtor's discharge under 11 U.S.C. § 727 and Rule 4004.

On June 27, 2018, CS filed an "Agreed Ex-Parte Motion for Extension of Time to File a Complaint Objecting to Debtor's Discharge." (the "First Motion," ECF No. 13-4 at pp. 55-57.) The First Motion sought an order "extending the time within which [CS] may file a complaint objecting to the Debtor's discharge," and cited 11 U.S.C. § 727 and Federal Bankruptcy Rule 4004(b). (*Id.*) Although CS generally concluded that it was "a judgment-creditor of

Debtor that is non-dischargeable in bankruptcy a[s] is for civil theft," the First Motion contained no citation to 11 U.S.C. § 523 or Rule 4007 and did not seek an enlargement of time to file a 523 Complaint as to the dischargeability of the Florida Judgment. (*Id.*) Noting that the motion was agreed to by all parties, the Bankruptcy Court granted the First Motion on June 29, 2019, holding that the "deadline for [CS] to file a complaint objecting to Debtor's discharge is enlarged up to an including July 29, 2018." (the "First Order," ECF No. 13-4 at p. 63.) The First Order neither mentioned the dischargeability of the Florida Judgment nor cited to section 523. (*Id.*) So, at this point, the deadline to object under section 727 was July 29, 2018, while the deadline to file a 523 Complaint remained July 9, 2018.

July 9, 2018 passed, and CS did not file a 523 Complaint. Apparently realizing its omission, CS filed the Second Motion on July 19, 2018, requesting (1) clarification that the First Order also extended its deadline to file a 523 Complaint, or (2) in the alternative, an enlargement of its deadline to so file due to "excusable neglect." (*Id.* at pp. 71-80.) The Bankruptcy Court held oral argument on the Second Motion, which was denied by the Second Order on August 24, 2018. (*Id.* at pp. 108-09.) In so denying, the Bankruptcy Court held that the:

> deadline for [CS] along with all other creditors in this case to file an objection to dischargeability of debt under 11 U.S.C. § 523 expired on July 7, 2018 at 12 a.m. (the 'Deadline'). Any objection to dischargeability of debt under 11 U.S.C. § 523 filed after the Deadline is hereby considered untimely and time-barred.

(*Id.* at p. 109.)

CS challenges that determination in this appeal.

## 2. **Legal Standard**

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996) (citations omitted). District Courts cannot "make independent factual findings." *Id.*

## 3. **Analysis**

CS identified five questions in its Statement of Issues on Appeal:

1.) Whether the [First Motion] includes 11 U.S.C. § 523.

2.) Whether the [First Order] providing for an extension of time to object to discharge also includes 11 U.S.C. § 523.

3.) Whether [CS[ demonstrated excusable neglect by accidentally omitting 11 U.S.C. § 523 from [the First Motion].

4.) Whether the Bankruptcy Court abused its discretion in not allowing the [First Motion] to be corrected based on scrivener's error.

5.) Whether the Bankruptcy Court erred in not applying any standard (liberal or strict) in determining if excusable neglect applied under the circumstances.

(ECF No. 13-3 at pp. 1-2.) In its Initial Brief, CS principally argues a different issue: whether the Second Motion "relates back" to the First Motion, thus permitting the filing of a 523 Complaint after the July 9, 2018 deadline. The Court rejects CS's arguments on each of these points.

### A. The Bankruptcy Court's Interpretation of the First Motion and First Order Was Not A "Clear Abuse of Discretion"

The first two questions listed in CS's statement of issues request the Court to determine whether the First Motion sought, and the First Order granted, an enlargement of CS's time to file the 523 Complaint. "In considering a bankruptcy court's interpretation of the effect of its own prior order, courts in the Eleventh Circuit apply a deferential standard and will not disturb the bankruptcy court's interpretation 'unless it clearly abused its discretion.'" *Farmers & Merchants State Bank v. Turner*, 518 B.R. 642, 648 (N.D. Fla. 2014) (quoting *In re Optical Techs., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005) (noting that "we are reluctant to disturb a bankruptcy court's judgment interpreting its own earlier order," as "the bankruptcy judge who has presided over a case from its inception is in the best position to clarify any apparent inconsistencies in the court's rulings") (citation omitted)).

The Bankruptcy Court's interpretation of the First Order and First Motion was not a clear abuse of discretion. The First Motion did not cite to section 523 or Rule 4007. Instead, that motion cited to section 727 and Rule 4004, and requested an enlargement of time to "file a complaint objecting to the Debtor's discharge." (No. 13-4 at pp. 55-57.) On those facts, the Bankruptcy Court did not abuse its discretion by interpreting the First Motion as requesting relief solely under section 727 and Rule 4004. Nor was it an abuse of discretion to interpret the First Order as only granting relief under that rule.

Thus, to the extent that CS disagrees with the Bankruptcy Court's interpretation of the First Motion and First Order, any such argument is rejected.

### B. Excusable Neglect Does Not Apply to Enlargement Requests Under Rule 4007(c)

The third and fifth questions raised in the Statement of Issues relate to the application of the "excusable neglect" standard to CS's requested enlargement of time to file a 523 Complaint.

Bankruptcy Rule 4007(c) governs the time for filing a complaint under section 523(c). That rule provides that the deadline to file a complaint under section 523(c) is 60 days after the meeting of creditors. In this case, that date was July 9, 2018. Extensions of this deadline may be granted "for cause," but only by motion "filed before the time has expired." Fed. Bankr. R. 4007(c). The Eleventh Circuit strictly interprets Rule 4007(c), explaining that that rule "removes a bankruptcy court's discretion to grant a late filed motion to extend time to file a dischargeability complaint." *Beem v. Ferguson*, 713 F. App'x 974, 978 (11th Cir. 2018) (emphasis in original; citing *In re Alton*, 837 F.2d 457, 459 (11th Cir. 1988)).

Bankruptcy Rule 9006(b) generally affords courts discretion to enlarge Court deadlines "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." But that rule is expressly inapplicable to enlargements under Bankruptcy Rule 4007(c). *See* Fed. Bankr. Rule 9006(b)(3) ("The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules."). Thus, the Bankruptcy Court lacked discretion to grant the Second Motion, including the untimely request for enlargement to file a 523 Complaint due to excusable neglect. *See Beem*, 713 F. App'x at 978. The Bankruptcy Court's denial of that request was not error.

Questions three and five in the CS's Statement of Issues on Appeal are therefore answered in the negative, and the appeal on those grounds is denied.

### C. The "Relation Back" Doctrine is Inapplicable

Question four in CS's Statement of Issues on Appeal mirrors the "relation back" argument it furthers in the initial brief. As that argument goes, the Bankruptcy Court erred by not permitting the Second Motion, including its requested enlargement under section 523 and Rule 4007, to "relate back" to the timely filed First Motion under section 727 and Rule 4004.

"Bankruptcy Rule 7015 incorporates Federal Rule of Civil Procedure 15," which "provides, in relevant part:

> '(c) Relation Back of Amendments
>
>> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: ...
>>
>>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'"

*Beem*, 713 F. App'x at 978 (quoting Fed. R. Civ. P. 15). "Rule 15(c)," on its face, "applies only to 'pleadings.'" *Id.* And a "motion is not a 'pleading' under Bankruptcy Rule 7007 (which incorporates Federal Rule of Civil Procedure 7)." *Id.* Nonetheless, substance may prevail over form in certain instances, and a motion may be deemed a "pleading" under the "relation back" doctrine, provided it "satisfie[s] the Rule 8 pleading requirements for a complaint." *Id.* at 980-81 ("In everyday terms: if it walks like a complaint and talks like a complaint, it's a complaint—even though it calls itself a motion.").

The "relation back" doctrine is inapplicable here. First, CS's argument fails because it requests this Court to allow the Second Motion to "relate back" to the First Motion. But neither filing is a "pleading," and the requested application of the "relation back" doctrine falls outside the scope of Rule 15(c) on its face. *Beem*, 713 F. App'x at 978.

In any event, any argument that an untimely 523 Complaint should "relate back" to the First Motion would likewise fail. The First Motion was not the functional equivalent of a "pleading" and did not comply with the "notice pleading requirements of Rule 7008." *Id.* at 981 (quoting *In re Dominguez*, 51 F.3d 1502, 1509 (9th Cir. 1995)). The Eleventh Circuit found that that standard was met in *Beem* where a *pro se* creditor timely-filed a "Motion to Dismiss or for Determination of Non-Dischargeability of His Debt" because:

> The [timely] motion prominently requested the bankruptcy court to 'enter an order holding Beem's debt is non-dischargeable,' cited to § 523(a)(6) and the applicable legal standards, and included seven pages of facts detailing the basis for why Mr. Beem maintained that Mr. Ferguson's 'gross and voluminous abuse of process' in the state case justified 'non-dischargeability of debt.'

*Id.* Unlike *Beem*, here, CS is not proceeding *pro se*. And the First Motion did not seek a determination of dischargeability (let alone "prominently"), did not cite to section 523, did not contain any argument that the Florida Judgment

was non-dischargeable (instead, merely concluding in a sentence that it was), and did not request non-dischargeability in its prayer for relief. (ECF No. 13-4 at p. 55-57.) On those facts, the Court cannot find that the First Motion was a "pleading" to which an untimely 523 Complaint could "relate back" to. CS's arguments to that end are therefore rejected.

### 4. Conclusion

In sum, the Second Order is **affirmed**. All pending motions, if any, are denied as moot. The **Clerk** is directed to **close this case**.

**Done and ordered** in chambers, at Miami, Florida, on February 26, 2019.

Robert N. Scola, Jr.
United States District Judge