United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Coral & Stones Unlimited Corp., | ) | |
| Appellant, | ) | |
| | ) | Bankruptcy Appeal |
| v. | ) | Case No. 18-23658-Civ-Scola |
| | ) | |
| Arkadi Abraham, Appellee. | ) | |

## Order Denying Motion for Rehearing

The Appellant Coral & Stones Unlimited Corp. ("CS") moves the Court to reconsider its earlier order affirming the Bankruptcy Court. (the "Motion," ECF No. 29.) CS asserts that "[r]econsideration is appropriate because the Court did not distinguish this case from prior favorable authority for" CS and otherwise erred by giving too much weight to a recent and directly applicable Eleventh Circuit decision. (*Id.* at p. 3.) Having considered the record in this case and the applicable law, the Court finds the Motion (**ECF No. 29**) lacks merit and **denies** it accordingly.

Federal Rule of Bankruptcy Procedure 8022 permits a party to move for rehearing by "stat[ing] with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). "Bankruptcy Rule 8022 (formerly 8015) is silent regarding the standard of granting a rehearing motion." *Tucker v. Mukamal*, No. 13-mc-23425, 2015 WL 10986356, *1 (S.D. Fla. Feb. 11, 2015) (Marra, J.). But "courts in the 'Eleventh Circuit have applied the same standard to motions for rehearing under Bankruptcy Rule 815 as is applied to motion for reconsideration under Federal Rule of Civil Procedure 59(e).'" *Id.* (quoting *In re Daniels*, No. 12-cv-4181-WSD, 2014 WL 547176, at *3 (N.D. Ga. Feb. 1, 2014)). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

The Motion does not present newly discovered evidence or identify any manifest errors of law or fact. Instead, CS reargues the legal positions it furthered in its initial brief and requests the Court to provide less weight to binding Eleventh Circuit precedent and more weight to various lower court and out of circuit authority. Contrary to CS's view, the Court did consider that non-binding authority in adjudicating this appeal and found it unpersuasive in light of the

Eleventh Circuit's decision in *Beem*. Because CS simply seeks to "relitigate old matters" raised in its initial brief, the Court **denies** the Motion (**ECF No. 29**).

**Done and ordered,** in Chambers at Miami, Florida on May 15, 2019.

Robert N. Scola, Jr.
United States District Judge